IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MANDY LITTERINI, )
)
    Plaintiff, )
)
  vs. )   Civil Action No. 2:13-1652
)
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )
)

AMBROSE, Senior District Judge

**OPINION**
**and**
**ORDER OF COURT**

**SYNOPSIS**

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 11 and 13). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 12 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, Plaintiff's Motion (Docket No. 11) is granted and Defendant's Motion (Docket No. 13) is denied.

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-433. Plaintiff protectively filed an application for DIB on or about December 9, 2010. (R. 134-35). In her application, she alleged that since February 6, 2006, she had been disabled due to severe genetic OCD,

1

depression, anxiety disorder, panic disorder, diabetes, and postpartum depression. (R. 134-35, 165). Plaintiff's date last insured for DIB purposes was September 10, 2010. (R. 149).[1] Administrative Law Judge ("ALJ") Guy Koster held a hearing on May 31, 2012, at which Plaintiff was represented by counsel. (R. 25-60). Plaintiff appeared at the hearing and testified on her own behalf. Id. A vocational expert also was present at the hearing and testified. Id. In a decision dated June 27, 2012, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act. (R. 10-21). Plaintiff requested review of the ALJ's determination by the Appeals Council, and the Appeals Council denied Plaintiff's request for review. (R. 1-6). Having exhausted all of her administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 11 and 13). The issues are now ripe for my review.

## II.     LEGAL ANALYSIS

### A.     STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Determining whether substantial evidence exists is "not merely a quantitative exercise." Gilliland v. Heckler, 786 F.2d 178, 183 (3d Cir. 1986) (citing Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to

---

[1] To receive DIB, Plaintiff must establish that she became disabled prior to September 10, 2010, the date on which her insured status expired, or "date last insured." 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. § 404.131(a).

2

resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." Id. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional

capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B. WHETHER THE ALJ IMPROPERLY DISREGARDED THE CONSULTATIVE EXAMINER'S OPINION AND/OR FAILED TO DISCUSS PLAINTIFF'S OCD SYMPTOMS**

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.157(c); however, she was limited to simple, routine, repetitive tasks in a stable environment with few changes in the routine work setting. Additionally, Plaintiff could understand, retain and follow short, simple job instructions; make simple, work-related decisions with no contact with the general public and only occasional contact with co-workers and supervisors. (R. 14). Plaintiff argues that this RFC finding is deficient because the ALJ improperly disregarded the opinion of Social Security Administration consultative examiner, T. David Newman, Ph. D., and failed to discuss her obsessive compulsive behaviors in making the RFC finding. Pl.'s Br. [ECF No. 12] at 5-14. To the extent Plaintiff alleges insufficient discussion of Plaintiff's OCD behaviors, I agree.

An ALJ must base his RFC assessment on all of the relevant evidence of record. 20 C.F.R. § 404.1545(a). In his opinion, the ALJ must provide sufficient explanation of his final determination to provide the reviewing court with the benefit of the factual basis underlying the ultimate disability finding. Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981). That is, the ALJ's

4

decision must allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper.  Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 203-04 (3d Cir. 2008); see also Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001) (the ALJ's decision should allow the reviewing court the ability to determine if "significant probative evidence was not credited or simply ignored").

Here, the majority of the ALJ's opinion is well-developed, well-reasoned, and thorough.  I agree with Plaintiff, however, that the opinion does not adequately explain the effect of Plaintiff's OCD symptoms, if any, on the ALJ's RFC finding. As Plaintiff correctly states, the ALJ found Plaintiff's OCD and panic disorder to be severe mental impairments.  (R. 12-13).  He also relates in detail Plaintiff's testimony and medical history regarding her OCD and panic attacks. (R. 16-17).  As the ALJ proceeds to evaluate the medical opinions and evidence, however, his discussion of Plaintiff's OCD and panic attacks ceases.  For example, after properly explaining why Plaintiff's physical impairments are not as limiting as Plaintiff alleged, the ALJ proceeds to discuss the limitations stemming from Plaintiff's mental impairments.  (R. 18).  In the course of this discussion, the ALJ states that "[f]rom a psychological perspective, there is no evidence of impairment which would preclude all work activity since mental functioning is generally within normal limitation despite some allegations of depression and anxiety."  Id.  He then cites Plaintiff's routine and conservative treatment for her "depressive and anxiety symptoms"  Id. The ALJ does not relate Plaintiff's anxiety and depressive symptoms to her OCD and indeed does not mention her OCD or panic attacks in this section of his opinion.  Also troubling is the fact that, in support of his analysis, the ALJ cites "Exhibits 13F and 17F" – two exhibits that do not exist in the record.[2]  Similarly, when describing the mental restrictions contained in the RFC finding, the ALJ explains:

---

[2] The record, which appears to be complete, ends with Exhibit 6F.

> In considering the claimant's problems with depression and anxiety, the undersigned has included restrictions limiting the claimant to simple routine repetitive tasks, free of fast pace production and only simple decisions with few workplace changes, no public contact and only minimal contact with co-workers and supervisors.

(R. 19). The ALJ again fails to mention, however, what role, if any, Plaintiff's OCD played in reaching this RFC finding.

In short, the ALJ's opinion is unclear as to whether he accounted for Plaintiff's OCD in his mental RFC finding. Although the ALJ is entitled to reject limitations that are unsupported by the record, he must provide the reasons for discounting that evidence. Because of the above deficiencies in the ALJ's explanation, I am unable to determine whether any rejection of potentially pertinent, relevant evidence was proper. On remand, the ALJ must clarify his findings with respect to any limitations relating to Plaintiff's OCD and explain how, if at all, his RFC finding accounts for such limitations. If the ALJ concludes that Plaintiff's OCD does not limit her ability to work, he must explain and support the reasons for that conclusion.[3] In remanding this case, I make no findings as to whether Plaintiff is or is not disabled. I simply find that I cannot properly evaluate the ALJ's opinion on the record before me.

### III. CONCLUSION

Under the Social Security regulations, a federal district court reviewing the decision of the Commissioner denying benefits has three options. It may affirm the decision, reverse the decision and award benefits directly to a claimant, or remand the matter to the Commissioner for further consideration. 42 U.S.C. § 405(g) (sentence four). In light of an objective review of all evidence contained in the record, I find that the ALJ's decision is not supported by substantial

---

[3] Based on this conclusion, I need not address Plaintiff's additional arguments. I note, however, that the ALJ likewise fails to discuss Plaintiff's OCD in his analysis of the opinion of consultative examiner Dr. Newman. On remand, the ALJ should clarify whether he considered Plaintiff's OCD in making his findings regarding Dr. Newman's report.

6

evidence because the ALJ failed to clearly discuss the impact of her OCD on his mental RFC findings and his evaluation of the record evidence.  The case therefore is remanded for further consideration in light of this Opinion.  For these and all of the above reasons, Plaintiff's Motion for Summary Judgment is granted to the extent set forth herein, and Defendant's Motion for Summary Judgment is denied to that same extent.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MANDY LITTERINI,

        Plaintiff,

  vs.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Civil Action No. 2:13-1652

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 30th day of September, 2014, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 11) is GRANTED to the extent that Plaintiff seeks remand for further consideration, and the matter is REMANDED to the Commissioner for further proceedings consistent with the Opinion attached hereto. Defendant's Motion for Summary Judgment (Docket No. 13) is DENIED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge